IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHARLES MICHAEL HALL )<br>INMATE # 03766-036 )<br>USP-TERRE HAUTE )<br>P.O. BOX 33 )<br>TERRE HAUTE IN 47802 )<br>                                 )<br>v.                                   )<br>                                 )<br>UNITED STATES OF AMERICA )<br>                                 )<br>and )<br>                                 )<br>BILL E. WHALEN, JR. )<br>1690 HULMAN WAYE CT. )<br>TERRE HAUTE IN 47803 )<br>                                 )<br>and )<br>                                 )<br>THOMAS J. WATSON )<br>WARDEN )<br>USP-TERRE HAUTE )<br>4700 BUREAU ROAD SOUTH )<br>TERRE HAUTE IN 47802 )<br>                                 )<br>and )<br>                                 )<br>MICHAEL C. UNDERWOOD )<br>ASSOCIATE WARDEN )<br>USP-TERRE HAUTE )<br>4700 BUREAU ROAD SOUTH )<br>TERRE HAUTE IN 47802 )<br>                                 )<br>and )<br>                                 ) | Case # 2:20-CV-370 |

| | |
|---|---|
| LT. (fnu) SHERMAN | ) |
| USP-TERRE HAUTE | ) |
| 4700 BUREAU ROAD SOUTH | ) |
| TERRE HAUTE IN 47802 | ) |
| | ) |
| Defendants | ) |

## *PETITION*

### **A. Preliminary Statement**

Charles Michael Hall brings certain Counts of this action against the United States of America pursuant to 28 U.S.C. § 1346(b)(1), the Federal Tort Claims Act, hereinafter referred to as the FTCA, for certain tortious actions committed against him by the named defendants.  Mr. Hall also brings certain other Counts of this action against the individual defendants pursuant to the First, Fifth and Eighth Amendments to the Constitution of the United States, and ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation***, 403 U.S. 388 (1971), to redress the deprivation, under color of Federal law, of plaintiff's rights, privileges, and immunities secured by the Constitution of the United States.  Plaintiff seeks money damages to redress and remedy the deprivation of his rights.  Plaintiff also seeks injunctive and declaratory relief against the conditions and practices of the defendants as described herein.  Finally, plaintiff seeks an award of attorney's fees and costs.

## B. Jurisdictional Statement

1. Certain Counts of this action are brought, and this Court has jurisdiction over said Counts of this action, pursuant to 28 U.S.C. § 1331, the First, Fifth and Eighth Amendments to the Constitution of the United States, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971).

2. Certain designated Counts of this action are brought pursuant to the FTCA, and over such matters, this Court has jurisdiction per the terms of 28 U.S.C. 1346(b)(1) and 28 U.S.C. 1331(a)(1)

3. All of the actions, omissions and events complained of herein took place within the venue of this Court at the United States Penitentiary, Terre Haute, Indiana, hereinafter referred to as "USP Terre Haute" or at Union Hospital, 1606 N. 7th St., Terre Haute, Indiana 47804, in a special unit of Union Hospital maintained and used for hospital treatment of USP Terre Haute inmates, which will hereinafter be referred to as the "Union Hospital Special Unit".

## C. Identification of the Parties and Statement of Facts Common to Counts One, Two and Three

1. USP-Terre Haute is a prison facility owned by the United States of America and operated by the Federal Bureau of Prisons, through its employees, in order to safely and securely house Federal inmates convicted of crimes against the

United States. As such, USP-Terre Haute is a place within the special maritime and territorial jurisdiction of the United States.

2. Through a contractual agreement between the United States of America and Union Hospital, 1606 N. 7th St., Terre Haute, Indiana 47804, the Union Hospital Special Unit is maintained and used for hospital treatment of USP Terre Haute inmates.

3. Plaintiff Charles Michael Hall, hereinafter referred to as either "Mr. Hall" or "Hall", currently is, and at all times relevant to this cause of action was, serving a Federal sentence, and being housed by the United States Bureau of Prisons at USP-Terre Haute. Mr. Hall's inmate number is 03766-036.

4. Defendant Bill E. Whalen, Jr., hereinafter referred to as "Officer Whalen", currently is, and at all times relevant to this cause of action was, a correctional officer in the employ of USP-Terre Haute, and was responsible for the safe care and custody of USP Terre Haute inmates, including Mr. Hall.

5. Defendant (fnu) Sherman, hereinafter referred to as "Lt. Sherman", currently is, and at all times relevant to this cause of action was, a supervisory correctional officer in the employ of USP-Terre Haute, and was responsible for supervision of Officer Whalen, and was responsible for the safe care and custody of USP-Terre Haute inmates, including Mr. Hall.

6. Defendant Michael C. Underwood, hereinafter referred to as "AW Underwood" currently is, and at all times relevant to this cause of action was, an Associate Warden in the employ of USP-Terre Haute, and was responsible for supervision of Lt. Sherman and Officer Whalen, and was responsible for the safe care and custody of USP-Terre Haute inmates, including Mr. Hall.

7. Defendant Thomas J. Watson, hereinafter referred to as "Warden Watson" currently is, and at all times relevant to this cause of action was, the Warden of USP-Terre Haute, and was responsible for supervision of AW Underwood, Lt. Sherman and Officer Whalen, and was responsible for the safe care and custody of USP-Terre Haute inmates, including Mr. Hall.

8. Mr. Hall currently is, and at all times relevant to this cause of action was, afflicted with Crohn's disease.  Particularly, treatment for Mr. Hall's Crohn's disease, which took place prior to Mr. Hall's incarceration at USP-Terre Haute, included removal of significant portions of Mr. Hall's digestive tract, and replacement of the body's normal waste disposal mechanism with an ileostomy and a bag for collection of fecal waste.  Because of these physical conditions, Mr. Hall requires regular hospitalizations for treatments which are medically necessary for Mr. Hall to maintain his health and life.  Also, because of these physical conditions, Mr. Hall is particularly vulnerable to physical battery and susceptible to greater injury as a result of such battery.  At all times relevant to this cause of

action, all of this information about Mr. Hall's medical condition was contained in files maintained by USP Terre Haute, and thus was information which Warden Watson and AW Underwood knew or should have known.

9. Prior to July 1, 2019, Officer Whalen had engaged in multiple incidents of threats and acts of assault and battery. Lt. Sherman, AW Underwood and Warden Watson knew or should have known about these prior incidents of threats, assaults and batteries engaged by Officer Whalen, but continued to allow Officer Whalen to work as a corrections officer.

10. On July 1, 2019, Mr. Hall was hospitalized at the Union Hospital Special Unit and receiving necessary medical treatment. Officer Whalen and Lt. Sherman were officers assigned to provide custody and care for Mr. Hall at that time. AW Underwood and Warden Watson were ultimately responsible for Officer Whalen and Lt Sherman being so assigned to this duty, and took no action to prevent Officer Whalen and Lt. Sherman from being assigned to this duty.

11. At approximately 2:30 PM on July 1, 2019, Mr. Hall was laying in a hospital bed in the Union Hospital Special Unit. Mr. Hall was shackled to his bed and Mr. Hall was saying nothing. At that time, Officer Whalen walked up to Mr. Hall and began striking Mr. Hall with a closed fist, punching Mr. Hall multiple times each on the left side of the face, and into the ribs, the abdomen and the thighs. The punches were done with such force that swelling, bruising and severe

pain occurred.  Mr. Hall did not strike back, or offer any resistance to the attack committed by Officer Whalen.

12. At the time of Officer Whalen's battery on Mr. Hall,, as described in subparagraph C-11 above, Lt. Sherman knew or should have known the battery was going on because there was a camera in that area capturing the action, and there was a live feed of that camera view in the office which Lt. Sherman was using on that date.

13. Within minutes after Officer Whalen's battery on Mr. Hall, as described in subparagraph C-11, the battery upon Mr. Hall by Officer Whalen was reported to Lt. Sherman.  Lt. Sherman did not act to protect Mr. Hall from Officer Whalen, and did not document the incident or otherwise report the matter to his superiors.

14. On July 11, 2019, Mr. Hall was awaiting transfer from the Union Hospital Special Unit back to USP-Terre Haute.  At that time, Officer Whalen approached Mr. Hall and said to Mr. Hall that he, Whalen, would see Mr. Hall again in the Union Hospital Special Unit and that he, Whalen, at that time, would finish what he, Whalen, started on Mr. Hall.

15. On July 11, 2019, as soon as he returned to USP-Terre Haute, Mr. Hall immediately reported to Case Manager Cory Shepherd the incidents described in subparagraphs C-11, C-12, C-13 and C-14.  Mr. Shepherd, in turn, made this information known to Warden Watson and AW Underwood.

16, On July 16, 2019, Mr. Hall submitted an administrative remedy grievance specifically raising the matters described in subparagraphs C-11, C-12, C-13 and C-14 and seeking relief.  Warden Watson personally acknowledged his review and consideration of the matters contained in the grievance.  On December 23, 2019, final denial of the grievance was reported to Mr. Hall.

17. On January 12, 2020, Mr. Hall submitted an administrative remedy tort claim specifically raising the matters described in subparagraphs C-2 through C-14 and seeking relief.  Warden Watson and AW Underwood know or should know about the contents of this tort claim.  As of July 12, 2020, six months have passed without any disposition of that tort claim.

18. In the time since July 11, 2019, Officer Whalen continues to be employed as a correctional officer for USP Terre Haute, and continues to be assigned to work in the Union Hospital Special Unit.

19. Because of Mr. Hall's fear that Officer Whalen will carry through on his, Whalen's, threats of further injury or death to Mr. Hall, and because Officer Whalen continues to be assigned to work in the Union Hospital Special Unit, Mr. Hall has refused to go to Union Hospital for necessary medical treatment for his ongoing medical conditions.

### D. Count I
### *Bivens* Action against defendant Bill E. Whalen, Jr. for assault

1. Mr. Hall hereby incorporates by reference all of the facts as set forth in the 19 subparagraphs of subsection C above.

2. At approximately 2:30 PM on July 1, 2019, Mr. Hall was laying in a hospital bed in the Union Hospital Special Unit, Mr. Hall was shackled to his bed and Mr. Hall was saying nothing. At that time, Officer Whalen walked up to Mr. Hall and began striking Mr. Hall with a closed fist, punching Mr. Hall multiple times each on the left side of the face, and into the ribs, the abdomen and the thighs. The punches were done with such force that swelling, bruising and severe pain occurred. Mr. Hall did not strike back, or offer any resistance to the attack committed by Officer Whalen.

3. Officer Whalen committed the acts described in subparagraph 2 above knowingly and intentionally and in a rude, insolent or angry manner.

4. Mr. Hall's constitutional rights under the Eighth Amendment were violated by the actions of Officer Whalen.

5. Mr. Hall suffered injuries and damages as a result of the actions of Officer Whalen as described in subparagraph 2 in that

- the punches struck by Officer Whalen caused swelling, bruising and pain to Mr. Hall at that time and for a week thereafter, and

- Mr. Hall was emotionally injured and lost sleep in that Mr. Hall was in fear that Officer Whalen would resume the attack at his, Whalen's, next opportunity.

6. Mr. Hall requests that he be granted compensatory damages in the amount of $50,000.00 from Officer Whalen. Mr. Hall also requests that he be granted punitive damages in an amount equal to the compensatory damages awarded to him, up to the amount of $50,000.00.

7. Mr. Hall also requests that this Court require that Officer Whalen pay Mr. Hall's Court costs and reasonable attorney fees

### E. Count II
### *Bivens* Action against defendant Bill E. Whalen, Jr. for intentional infliction of emotional distress

1. Mr. Hall hereby incorporates by reference all of the facts as set forth in the 19 subparagraphs of Section C above.

2. At approximately 2:30 PM on July 1, 2019, Mr. Hall was laying in a hospital bed in the Union Hospital Special Unit, Mr. Hall was shackled to his bed and Mr. Hall was saying nothing. At that time, Officer Whalen walked up to Mr. Hall and began striking Mr. Hall with a closed fist, punching Mr. Hall multiple times each on the left side of the face, and into the ribs, the abdomen and the thighs. The punches were done with such force that swelling, bruising and severe

pain occurred. Mr. Hall did not strike back, or offer any resistance to the attack committed by Officer Whalen.

    3. On July 11, 2019, Mr. Hall was awaiting transfer from the Union Hospital Special Unit and return to USP-Terre Haute. At that time, Officer Whalen approached Mr. Hall and said to Mr. Hall that he, Whalen, would see Mr. Hall again in the hospital and that he, Whalen, at that time, would finish what he, Whalen, started on Mr. Hall.

    4. Officer Whalen committed the acts described in subparagraph 2 above knowingly and intentionally and in a rude, insolent or angry manner.

    5. Officer Whalen committed the acts described in subparagraph 3 above with the intent to cause severe emotional distress to Mr. Hall.

    6. The intentional actions by Officer Whalen as described in subparagraphs 2-5 above amount to extreme and outrageous conduct in that

- these intentional actions were done by a person who had a duty to provide lawful custody and care to Mr. Hall in a hospital treatment setting, and
- the July 1, 2019 battery coupled with the July 11, 2019 threat to finish the job would be reasonably interpreted as a credible threat to seriously injure or kill Mr. Hall if he returned to the hospital,

- Officer Whalen knew or should have known that such a threat would cause Mr. Hall to forego necessary medical treatment in order to avoid serious injury or death at the hands of Officer Whalen,

7. Mr. Hall has suffered severe emotional distress as a result of the actions and threats by Officer Whalen in that Mr. Hall has undergone psychological distress, has lost sleep and has refused to go to the Union Hospital Special Unit for necessary medical treatment so as to avoid serious injury or death as threatened by Officer Whalen.

8. Mr. Hall's constitutional rights under the Eighth Amendment were violated by the actions of Officer Whalen.

9. Mr. Hall requests that he be granted compensatory damages in the amount of $100,000.00 from Officer Whalen.  Mr. Hall also requests that he be granted punitive damages in an amount equal to the compensatory damages awarded to him, up to the amount of $100,000.00.

10. Mr. Hall also requests that this Court require that Officer Whalen pay Hall's Court costs and reasonable attorney fees.

### F. Count III
### FTCA Action against Warden Watson, AW Underwood and Lt. Sherman for negligent failure to supervise Office Whalen causing injury to Mr. Hall

1. Mr. Hall hereby incorporates by reference all of the facts as set forth in the 19 subparagraphs of Subsection C above.

2. Warden Watson, AW Underwood and Lt. Sherman owed a duty to Mr. Hall to custody free from danger of assault and battery from Officer Whalen.

3. The preponderance of the evidence establishes that Officer Whalen intentionally committed battery of Mr. Hall on July 1, 2019.

4. Warden Watson, AW Underwood and Lt. Sherman negligently caused the battery upon Mr. Hall by Officer Whalen to occur in that,

- Prior to the July 1, 2019 battery of Mr. Hall by Officer Whalen, Warden Watson, AW Underwood and Lt. Sherman knew or should have known that Officer Whalen was a threat to inmates like Mr. Hall in light of Officer Whalen's prior history of serious assaultive behavior, but still assigned, or permitted the assignment of, Officer Whalen to have custody and control over Mr. Hall on that date,

- On July 1, 2019, Lt. Sherman did not stop Officer Whalen's battery against Mr. Hall even though Lt. Sherman knew or should have known that Officer Whalen was committing battery against Mr. Hall at the time that the battery was occurring because a camera in the Union Hospital Special Unit was capturing that battery and a monitor in Lt. Sherman's office was displaying that action as it was happening.

5. After being informed of the July 1, 2019 battery and the July 11 threats, Warden Watson, AW Underwood and Lt. Sherman have continued to cause or

permit Officer Whalen to work as a corrections officer at the Union Hospital Special Unit.

6. Mr. Hall suffered physical and psychological injuries and damages as a result of the negligence of Warden Watson, AW Underwood and Lt. Sherman as described in the preceding subparagraphs in that

- the punches struck by Officer Whalen caused swelling bruising and pain to Mr. Hall at that time and for a week thereafter, and
- Mr. Hall was psychologically and emotionally injured, and lost sleep, and suffered fear that Officer Whalen would resume the attack at his, Whalen's, next opportunity,
- These injuries to Mr. Hall would not have happened but for the negligence of Lt. Sherman, AW Underwood and Warden Watson in causing or permitting Officer Whalen to have custody and control over Mr. Hall.

7. Mr. Hall requests that he be granted compensatory damages in the amount of $50,000.00 from Warden Watson, AW Underwood and Lt. Sherman.  Mr. Hall also requests that he be granted punitive damages in an amount equal to the compensatory damages awarded to him, up to the amount of $50,000.00.

8. Mr. Hall also requests that this Court enter an Order directing that Warden Watson, AW Underwood and Lt. Sherman not assign Officer Whalen to work as a

corrections officer at the Union Hospital Special Unit, or in any other place at which he, Whalen, would have custody and control over Mr. Hall.

9. Mr. Hall also requests that this Court require that Warden Watson, AW Underwood and Lt. Sherman pay Mr. Hall's Court costs and reasonable attorney fees

### Mr. Hall's Certification, Submission, and Jury Trial Request

I, Charles Michael Hall, do hereby request trial by jury, and do hereby attest, under penalty of perjury, that the allegations made in the foregoing are true and correct to the best of my knowledge and belief.  I do further submit this petition signed by me this 20th day of July, 2020.

/s/Charles Michael Hall
CHARLES MICHAEL HALL

Respectfully submitted

//s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.
Mo.Bar Enrollment Number 28868
P.O. Box 216
Trimble MO 64492
Phone:  816-213-0782
Fax:    816-635-5155
e-mail: fduchardt@yahoo.com
ATTORNEY FOR MR. HALL