UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES MICHAEL HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00370-JPH-MJD |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

**I. Screening of the Complaint**

**A.** *Legal Standards*

Plaintiff Charles Michael Hall is a federal inmate currently incarcerated at the Terre Haute United States Penitentiary (TH-USP). Mr. Hall has paid the initial partial filing fee and the complaint is subject to screening under 28 U.S.C. § 1915A(b) before service on the defendants.

Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

**B.**     *Allegations*

The complaint filed on July 20, 2020, names the following defendants 1) United States of America; 2) Officer Bill E. Whalen, Jr.; 3) Warden Thomas J. Watson; 4) Associate Warden Michael C. Underwood; and 5) Lt. Sherman. Mr. Hall seeks compensatory and punitive damages and injunctive relief.

Mr. Hall alleges *Bivens* claims against the individual defendants. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) "allows suits against federal employees for violation of constitutional rights." *Khan v. United States,* 808 F.3d 1169, 1172 (7th Cir. 2015); *see also King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers…"). The complaint also asserts Federal Tort Claims Act claims, 28 U.S.C. § 2671, *et seq*. (FTCA).

Mr. Hall suffers from Crohn's disease and requires hospitalization for treatment at the Union Hospital Special Unit in Terre Haute, Indiana. He alleges that on July 1, 2019, while he was laying shackled to a bed at Union Hospital, Officer Whalen walked up to him and began punching him in the face, ribs, abdomen, and thighs, causing swelling, bruising, and severe pain. Prior to this incident, Associate Warden Underwood and Warden Watson were allegedly aware that Officer Whalen had previously engaged in multiple threats and acts of battery but continued to allow him to work as a correctional officer. The July 1, 2019, battery was reported to Lt. Sherman within minutes, but he failed to document the assault or report it to his superiors. Lt. Sherman also had live feed video of the incident in his office at the time it occurred, but he took no action.

On July 11, 2019, Officer Whalen threatened to finish what he started the next time he saw Mr. Hall in the hospital unit. Because of this threat, Mr. Hall has been too afraid to return to the hospital to receive his necessary medical treatments.

**C.      Analysis**

Mr. Hall alleges that his FTCA claims are against Warden Watson, Associate Warden Underwood, and Lt. Sherman. However, "[t]he only proper defendant in an FTCA action is the United States." *Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008); 28 U.S.C. § 2679(b). Therefore, the FTCA claims **shall proceed** against the United States of America.

Although the complaint refers to the First, Fifth, and Eighth Amendments, dkt. 1 at 2-3, the factual allegations only support Eighth Amendment claims against the individual defendants for excessive force and failure to protect. Any First or Fifth Amendment claims are **dismissed for failure to state a claim upon which relief can be granted.**

The *Bivens* Eighth Amendment claims **shall proceed** against Officer Whalen (excessive force) and Warden Watson, Associate Underwood, and Lt. Sherman (failure to protect).

These rulings do not preclude any defendant from filing a motion to dismiss under Rule 12(b)(6).

These are all the claims the Court discerns in the complaint. If Mr. Hall believes that additional claims were alleged but not identified by the Court, or if the Court misidentified the claims being allowed to proceed, he shall have **through October 30, 2020,** in which to identify those claims.

## II. Service of Process

**The clerk is designated** pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure to issue process to the United States of America, Officer Bill E. Whalen, Jr., Warden Thomas J.

3

Watson, Associate Warden Michael C. Underwood, Lt. Sherman, and the officials designated pursuant to Rule 4(i)(1), (3). Process shall consist of a summons, which shall be served with a copy of the complaint filed on July 20, 2020, docket 1, and a copy of this Entry, by the Marshal for this District or his deputy at the expense of the United States.

Because the plaintiff is proceeding, in part, under the theory recognized in *Bivens*, 403 U.S. 388, **personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994).

**SO ORDERED.**

Date: 9/25/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Frederick A. Duchardt, Jr.
fduchardt@yahoo.com

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204