UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CHARLES MICHAEL HALL,                    )
                                         )
                    Plaintiff,           )
                                         )
            v.                           )        No. 2:20-cv-00370-JPH-MJD
                                         )
UNITED STATES OF AMERICA, et al.         )
                                         )
                    Defendants.          )

**ORDER SCREENING AMENDED COMPLAINT,
DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Charles Michael Hall, an inmate at the United States Penitentiary in Terre Haute, Indiana (USP Terre Haute), brought this action following an alleged beating by a correctional officer in a local hospital. He has since filed an amended complaint raising constitutional and state-law claims related to that incident, as well as the food service at USP Terre Haute, his medical care, and the prison mail room. The amended complaint is subject to screening.

## I.       Screening Standard

Because Mr. Hall is a prisoner, the Court must screen his complaint, dismissing any and all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(c). In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

1

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.      The Amended Complaint

The amended complaint names nine defendants: (1) the United States, (2) Officer Bill E. Whalen, Jr., (3) Warden Thomas J. Watson, (4) Associate Warden Michael C. Underwood, (5) Lieutenant Sherman, (6) Ishmael Oliver, (7) "unknown food services worker," (8) "unknown regional health care administrator," and (9) "unknown mail room worker."

Mr. Hall alleges four distinct incidents or ongoing injuries. This order addresses the allegations related to each incident in turn.

### A.      Hospital Beating on July 1, 2019

Mr. Hall alleges that on July 1, 2019, he was restrained in a hospital bed at Union Hospital in Terre Haute. Unprovoked, Officer Whalen punched Mr. Hall in the face, ribs, abdomen, and thighs. Mr. Hall provided no resistance. A surveillance camera captured the incident, and Lieutenant Sherman's office had a live video feed. Lieutenant Sherman nevertheless did not intervene.

Mr. Hall further alleges that Officer Whalen had threatened, assaulted, and battered him before July 1, 2019. Lieutenant Sherman, Associate Warden Underwood, and Warden Watson knew or should have known of these threats but failed to take action to prevent the July 1 violence. Shortly after the incident, Officer Whalen threatened further violence if Mr. Hall returned to the hospital. Mr. Hall therefore refused to return to Union Hospital for necessary medical treatment. Officer Whalen retired sometime in 2020.

### B.     Food Service

Mr. Hall suffers from Crohn's disease, which requires a special diet that the prison provides. Mr. Hall alleges that from 2017 to the present, he has been provided deficient meals—meals with incorrect or missing items—or no meals at all. Mr. Hall began filing grievances about the deficient meals in 2017, and he obtained a $5,000 settlement with the Bureau of Prisons in 2019. His meal service improved thereafter. However, in April 2020, defendant Mr. Oliver began supervising Mr. Hall's meal preparation again, and Mr. Hall again began receiving deficient meals. These deficiencies occur primarily when defendant Mr. Oliver is supervising his meal preparation.

Mr. Hall further alleges that on January 30, 2018, he received a meal with a chunk of feces on the tray. He alleges that an unknown food services worker put it there.

### C.     Medical Care

Because of his health conditions, Mr. Hall requires a stoma—an artificial opening through which he eliminates intestinal waste into an ileostomy bag. If the skin around the stoma is not healthy, the intestinal waste may leak onto Mr. Hall and his clothes, causing a strong smell and contamination. He must also change the ileostomy bag immediately after a leak occurs.

In 2018, a surgeon moved the site of Mr. Hall's stoma. Following the surgery, a small area of skin did not heal. Mr. Hall notified prison medical staff, who took a "wait and see" approach. The skin did not heal and instead formed into a bloody wound. Mr. Hall began experiencing frequent stoma leaks.

Dr. William Wilson then decided to take more aggressive action, referring Mr. Hall for outside treatment of the wound. Despite around 20 visits to an outside treatment provider, the wound has not healed. Dr. Wilson has now instructed a prison nurse to provide these same treatments, but the nurse failed to do so.

In September 2020, Dr. Wilson referred Mr. Hall to Dr. Brandon Lynch, a colleague of the surgeon who performed the 2018 surgery. Dr. Lynch told Mr. Hall that neither he nor his medical group would perform another surgery and that Mr. Hall would "just have to live with" the leakage.

Dr. Wilson has recommended that Mr. Hall be transferred to a Care Level 4 facility where Mr. Hall can receive round-the-clock care, but an unknown regional health care administrator rejected Dr. Wilson's recommendation for transfer.

In November 2020, Mr. Hall was treated for an overdose. He continues to receive no treatment for his stomach wound.

### D.      Mail Room

After Mr. Hall began filing grievances about meal service in 2017, he began noticing delay and errors in the delivery of his legal mail. On March 2, 2020, Mr. Hall's attorney sent Mr. Hall a USPS Priority Mail envelope to Mr. Hall for signature. The Postal Service reported delivery at 6:43 a.m. on March 4, 2020. Mr. Hall, however, never received the envelope. Instead, his attorney received a brown manila envelope in his post office box with the contents of the Priority Mail envelope he had sent to Mr. Hall. The attorney contacted the post office, which confirmed that the Priority Mail envelope had been delivered to the prison.

### III.      Discussion of Claims

### A.      Claims to Proceed in this Action

Mr. Hall's Federal Tort Claims Act (FTCA) claims based on allegations of negligence by Warden Watson, Associate Warden Underwood, and Lieutenant Sherman surrounding the July 2019 hospital beating **SHALL PROCEED** against the United States. *See Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."). Mr. Hall's FTCA claims based on allegations of negligence by Mr. Oliver and an

unknown food service worker in preparing and serving Mr. Hall's meals likewise **SHALL PROCEED** against the United States.

Mr. Hall's Eighth Amendment excessive force claim against Officer Bill E. Whalen, Jr., **SHALL PROCEED** under the theory of liability articulated in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Mr. Hall's Eighth Amendment failure to protect claims against Warden Thomas J. Watson, Associate Warden Michael C. Underwood, and Lieutenant Sherman likewise **SHALL PROCEED** under *Bivens*.

Finally, Mr. Hall's Eighth Amendment deliberate indifference claim against Ishmael Oliver **SHALL PROCEED** under *Bivens*.

### B.    Claims to Be Dismissed

Mr. Hall's claims against an unknown food services worker are **DISMISSED** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under [Rule 15], nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted); *see also Troya v. Wilson*, 807 Fed. App'x 556, 560 (7th Cir. 2020) (no error in dismissal without prejudice of unnamed defendant at screening). If Mr. Hall learns the identity of this defendant through discovery, he may move for leave to file another amended complaint.

Mr. Hall's claims against an unknown regional health care administrator and unknown mail room worker are likewise **DISMISSED** because they are brought against anonymous defendants—but also because these anonymous defendants are misjoined in this action.

"Unrelated claims against different defendants belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

A suit may join multiple defendants only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).

Mr. Hall's allegations against an unknown regional health care administrator and unknown mail room worker do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims proceeding in this action. Nor do they concern a common question of law or fact.

In this situation, "[t]he court may . . . add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing the grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Here, however, Mr. Hall has not identified the two misjoined parties, and it is unclear what steps he has taken to identify them. The Court therefore leaves it to Mr. Hall whether and when he wishes to file new complaints against these unidentified defendants.

## IV.     Service of Process

**The clerk is designated** pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure to issue process to Ishmael Oliver. Process shall consist of a summons, which shall be served with a copy of the amended complaint filed on July 20, 2020, dkt. [18], and a copy of this Order, by the Marshal for this District or his deputy at the expense of the United States. Because the plaintiff is proceeding against Mr. Oliver under the theory recognized in *Bivens*, personal service is required. *Robinson v. Turner*, 15 F.3d 82 (7th Cir. 1994).

The Marshal for this District or his deputy was ordered to serve Defendants Sherman, Michael C. Underwood, Thomas J. Watson, and Bill E. Whalen on September 25, 2020.

The **clerk is directed** to terminate "unknown food services worker," "unknown regional health care administrator," and "unknown mail room worker" as defendants from the docket.

**SO ORDERED.**

Date: 1/26/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ISHMAEL OLIVER
USP Terre Haute
4700 Bureau Road South
Terre Haute, IN 47802

Frederick A. Duchardt, Jr.
fduchardt@yahoo.com

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov

United States Attorney General
Department of Justice
10th and Constitution Avenue, NW
Washington, D.C. 20530

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048